114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gail LAWRY,* Plaintiff-Appellant,
v.
STATE OF CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT;
Marshall E. Conner; Gerald Leonardo, Defendants-Appellees.
 No. 96-15244.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.**
Decided May 28, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gail Lawry, as personal representative for the estate of Steven E. Lawry, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging violations of the Fourteenth Amendment and 47 U.S.C. § 605 for failure to state a claim.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm in part, reverse in part, and remand.
 
 
 3
 Lawry alleged that the Employment Development Department of California ("EDD"), and two of its employees, harassed him, improperly assessed taxes against him, seized his property, and illegally eavesdropped on his business communications. The district court dismissed Lawry's complaint for failure to state a claim without granting Lawry leave to amend.
 
 
 4
 "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. A complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." Id. (citation omitted). "Unless it is absolutely clear that no amendment can cure the defect ..., a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.1987).
 
 
 5
 The district court dismissed with prejudice Lawry's claims for damages against the EDD. The district court did not err by doing so. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (holding that agencies which are an arm of the state are not persons for purposes of § 1983).
 
 
 6
 The district court also dismissed with prejudice Lawry's claims for damages against defendants Conner and Leonardo.
 
 
 7
 In analyzing whether Conner and Leonardo were entitled to Eleventh Amendment immunity, the district court conflated the capacity in which the defendants were acting and the capacity in which the defendants were sued. See Hafer v. Melo, 502 U.S. 21, 26-27 (1991); Price v. Akaka, 928 F.2d 824, 828 (9th Cir.1991). We have stated that a claim for damages against a state official "necessarily implies" that the suit is against the official in his individual capacity. Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n. 16 (9th Cir.1994); Price, 928 F.2d at 828. Because state officials sued in their individual capacity are persons for purposes of § 1983 and are not entitled to Eleventh Amendment immunity, see Hafer, 502 U.S. at 31, the district court erred by dismissing Lawry's claims against Conner and Leonardo on these grounds.
 
 
 8
 The district court dismissed the claims against Conner and Leonardo on the alternative ground that Lawry had not filed his complaint within the appropriate statute of limitations. Assuming that a one-year statute of limitations applies to both Lawry's constitutional and statutory claims, we conclude that it was error for the district court to dismiss the claim on statute of limitations grounds without giving Lawry an opportunity to amend his complaint. See Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir.1993) (establishing that dismissal of complaint for failure to state a claim on statute of limitations grounds is ordinarily inappropriate).
 
 
 9
 Finally, the district court dismissed Lawry's claims because they were barred by the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA").[2] The TIA establishes that a "district court[ ] shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." See id. Even if the TIA applies to the allegations concerning seizure of property and eavesdropping, we conclude that the district court erred by dismissing on this ground without providing Lawry the opportunity to amend to plead that he did not have a plain, speedy and efficient remedy in state court. See id.; Ashton v. Cory, 780 F.2d 816, 818-19 (9th Cir.1986).
 
 
 10
 The parties shall bear their own costs on appeal.
 
 
 11
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 Gail Lawry, Steven Lawry's widow, was substituted as the personal representative of Steven Lawry by order of the Appellate Commissioner on March 4, 1997
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lawry does not appeal the district court's dismissal of his 42 U.S.C. § 1985(3) claim
 
 
 [2]
 Although the district court analyzed this ground in light of 26 U.S.C. § 7421, which is part of the United States Tax Code, we assume the district court intended to be analyzing the claim under 28 U.S.C. 1341, which applies to state tax proceedings