**Robert R. CERVANTES,**
**Plaintiff–Appellant,**

v.

**CITY OF SAN DIEGO; San Diego Police Department; Dennis Sesma; Officer Carlos Garcia; Les Wardwell; Officer Eugene Bojorquez, Defendants–Appellees.**

No. 91–56305.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1993.

Decided Sept. 27, 1993.

Richard R. Castillo, Castillo and Guevara, San Diego, CA, for plaintiff-appellant.

James M. Chapin, Deputy City Atty., San Diego, CA, for defendants-appellees.

Before: FARRIS, NORRIS, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

Robert R. Cervantes appeals the dismissal, under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, of his First Amended Complaint. The district court concluded that the action, brought under 42 U.S.C. § 1983, was barred by the applicable statute of limitations. Because we conclude that Cervantes' amended complaint adequately alleges facts supporting equitable tolling of the limitations period, we reverse and remand.

## I

Cervantes' First Amended Complaint alleges that defendants Sesma, Garcia, Bojorquez, and Wardwell conspired to violate his civil rights by unlawfully detaining and arresting him, illegally searching his residence, falsifying evidence against him, falsely accusing him of involvement in illegal drug use and drug sales, and presenting perjured testimony against him. The complaint alleges that the defendants' lengthy conspiracy resulted in the wrongful termination of Cervantes' employment with the San Diego Fire Department. Cervantes' complaint further avers that the City and police department were aware of and furthered the conspiracy,

ultimately allowing his wrongful termination to stand on administrative appeal. Loss of employment is the major component of Cervantes' alleged injury and damages.

The First Amended Complaint also describes Cervantes' efforts to be reinstated by the City. Cervantes pursued administrative remedies before the state Civil Service Commission from his termination in November 1988 until September 7, 1989. He sought review of the Commission's adverse determination by filing a petition for a writ of mandate with the Superior Court in May 1990. The state court denied the writ on August 31, 1990, and Cervantes filed this action on March 21, 1991.

Contending that the statute of limitations bars Cervantes' claim, the City and police department moved to dismiss the original complaint under Fed.R.Civ.P. 12(b)(6). After the district court granted the motion with leave to amend, Cervantes filed his amended complaint, incorporating the allegations relating to his pursuit of administrative remedies. The defendants again moved to dismiss for failure to state a claim, arguing that the statute of limitations or, alternatively, res judicata bars the action. On September 10, 1991, concluding that the statute was not tolled by the administrative and state court proceedings, the district court dismissed the action without leave to amend on the ground that it was time-barred.

Cervantes appeals, arguing that equitable tolling saves his otherwise untimely claim.

## II

In federal court, dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Review is limited to the complaint; "evidence outside the pleadings ... cannot normally be considered in deciding a 12(b)(6) motion." *Farr v. United States,* 990 F.2d 451, 454 (9th Cir.1993). "The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims."

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (emphasis added). Thus, "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980).

■ California's one-year statute of limitations for personal injury actions applies to Cervantes' section 1983 claim. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985); *Usher v. City of Los Angeles,* 828 F.2d 556, 558 (9th Cir.1987). Cervantes concedes that, absent equitable tolling, his claim would be time-barred. As with the limitations period itself, we borrow our rules for equitable tolling of the period from the forum state, California. *See Hardin v. Straub,* 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Harding v. Galceran,* 889 F.2d 906, 907 (9th Cir.1989).

California courts "have liberally applied tolling rules or their functional equivalents to situations in which the plaintiff has satisfied the notification purpose of a limitations statute." *Elkins v. Derby,* 12 Cal.3d 410, 418, 115 Cal.Rptr. 641, 647, 525 P.2d 81, 87 (1974). Consistent with this tradition, the doctrine of equitable tolling rests upon the reasoning that a claim should not be barred "unless the defendant would be unfairly prejudiced if the plaintiff were allowed to proceed." *Collier v. City of Pasadena,* 142 Cal.App.3d 917, 923, 191 Cal.Rptr. 681, 684 (1983). Under California law, equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *Addison v. California,* 21 Cal.3d 313, 317, 146 Cal.Rptr. 224, 226, 578 P.2d 941, 943 (1978).

■ To this end, California courts have developed a "definitive three-pronged test for invocation of the doctrine" of equitable tolling. *Loehr v. Ventura County Community College Dist.,* 147 Cal.App.3d 1071, 1085, 195 Cal.Rptr. 576, 584 (1983). A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim. *See Donoghue v. Orange County,* 848 F.2d 926, 931 (9th Cir.1987); *Collier* 142 Cal.App.3d at 924, 191 Cal.Rptr. at 685. The doctrine of equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent claim of the need to prepare a defense.

■ Here, the district court granted dismissal after a "threshold inquiry" into the similarity of the two claims. The court apparently concluded, without employing the three-part test, that equitable tolling did not apply, as a matter of law, because Cervantes' administrative and state court proceedings were not "substantially similar" to this action. However, "similarity" of the prior and current claims is a matter best determined following, and on the basis of, the application of the three-part equitable tolling test established by California law. Although we have previously stated that "equitable tolling is not applicable when a plaintiff has pursued a remedy as to only one of several distinct wrongs," *Donoghue,* 848 F.2d at 931, we have never suggested that in reaching that determination the district court may bypass the traditional method for determining California equitable tolling issues.[1] It is the application of California's equitable tolling test itself that yields the "final" conclusion as to whether two claims are "similar" enough that the pendency of the one should toll the limitations period for the other. Although "similarity" often serves as a shorthand designation of the outcome of the test, it is neither separable from nor a "threshold" to the requisite three-part inquiry. Application of the

1. In *Donoghue* itself, we reversed a dismissal and remanded for the district court to apply Califor-

three-part test is mandatory.[2]

▉▉▉ Nonetheless, "similarity" of the prior and subsequent claims is a significant consideration when applying the second test factor, prejudice to the defendant. However, unlike a "threshold" inquiry determinable as a matter of law, the focus of this factor is whether the facts of the two claims are "at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Collier,* 142 Cal.App.3d at 925, 191 Cal.Rptr. at 685–86. "The critical question is whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence which might be needed to defend against the second claim." *Id.* This inquiry—the appropriate "similarity" inquiry under California law—is far more fact-specific and evidence-bound than the "threshold" determination apparently envisioned by the district court. Under California's equitable tolling test, "similarity" is less a legal conclusion and more a factual exploration of the contentions and evidence relevant to each claim. As such, "similarity" is not easily resolved as a matter of law, without receiving evidence.

▉▉▉ Indeed, each of the three factors in California's test for equitable tolling requires a *practical* inquiry.[3] At a minimum, determining the applicability of equitable tolling necessitates resort to the *specific* circumstances of the prior claim: parties involved, issues raised, evidence considered, and discovery conducted. Thus, the question ordinarily requires reference to matters outside

the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone. *Cf. Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1199 (9th Cir.1988) (reversing dismissal because to decide equitable tolling "district court would have had to resolve certain disputed factual matters"); *Donoghue,* 848 F.2d at 931 (vacating dismissal because equitable tolling "rule necessitates a careful evaluation of the wrongs Donoghue seeks to remedy through her several ... claims"); *Thompson v. California Fair Plan Ass'n,* 221 Cal.App.3d 760, 766, 270 Cal.Rptr. 590, 593 (1990) (issue of equitable tolling "does not involve a pure question of law").

California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation. Previously, it is true, we have upheld dismissals in a handful of cases despite a claim of equitable tolling. However, in each of these unusual cases, some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue. *See Del Percio v. Thornsley,* 877 F.2d 785, 786 n. 1 (9th Cir.1989) (defendants in second claim entirely unrelated to parties in first claim); *Ervin v. County of Los Angeles,* 848 F.2d 1018, 1020 (9th Cir.1988) (year and a half wait to file second claim unreasonable and not in good faith), *cert. denied,* 489 U.S. 1014, 109 S.Ct. 1125, 103 L.Ed.2d 187 (1989); *Arnold v. United States,* 816 F.2d 1306, 1312–13 (9th Cir.1987) (limitations period for

---

nia's three-pronged test.

**2.** That a conclusion as to "similarity" is the result of applying the equitable tolling test has resulted in some confusion, of which the district court's error here is but one example, regarding whether "similarity" is a separate inquiry from the three-part test. For instance, one intermediate court recently suggested that "several remedies," focusing solely on similarity of underlying claims, and "equitable tolling" are independent and separate tolling doctrines. *See Garabedian v. Skochko,* 232 Cal.App.3d 836, 841–48, 283 Cal.Rptr. 802, 804–09 (1991).

**3.** Of the three, the notice factor seems most adaptable to general rules established as a matter of law. However, even this factor often requires a practical, fact-specific analysis. Although generally the notice factor "means that the defen-

dant in the first claim is the same one being sued in the second," this is not an absolute requirement. *See Collier,* 142 Cal.App.3d at 924, 191 Cal.Rptr. at 685. The notice factor may be satisfied where a defendant in the second claim was alerted to the need to gather and preserve evidence by the first claim even if not nominally a party to that initial proceeding. *See Id.* at 928–29, 191 Cal.Rptr. at 688–89. For example, here the district court noted that several of the defendants were not parties to Cervantes' administrative proceedings. However, from the allegations of the complaint, it appears that these defendants, all but one of whom have close affiliations with the City, may well be in the kind of evidentiary privity as would justify overlooking their nominal absence from the Civil Service proceedings.

state claims not tolled by "distinct" federal claim).[4]

In this case, the allegations of the complaint alone will *not* properly yield a conclusion that equitable tolling does not apply. The sole issue is whether the complaint, liberally construed in light of our "notice pleading" system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine. We have previously held that an allegation of the continued pendency of prior actions suffices to overcome a motion to dismiss. *See Emrich*, 846 F.2d at 1200 ("we conclude the dismissal of the complaint was improper as a matter of law because the face of the complaint invoked state [California] and federal equitable tolling doctrines as it alleged the pendency of two prior actions"). Here, of course, Cervantes' prior claim is no longer pending.

Nonetheless, the allegations in Cervantes' First Amended Complaint are more than sufficient to survive a Rule 12(b)(6) motion. Loss of employment is the major injury alleged in his complaint, and Cervantes pursued appropriate efforts to mitigate that injury. He alleges timely initiation of administrative efforts seeking reinstatement and timely filing of this action once those proceedings were completed. His allegations suggest that defending the prior proceedings would have necessarily involved the collection of evidence to rebut his claims that the charges against him were contrived; this is also the type of evidence needed to defend against his federal claim.[5] Finally, none of the allegations indicates that, as a matter of law, Cervantes acted other than reasonably and in good faith in bringing this action.

Consistent with the three-part test for equitable tolling under California law, the allegations of Cervantes' pursuit of administrative reinstatement entitle him "to offer evidence to support" his contention that the limitations period was equitably tolled. The district court erred in granting dismissal of his action on the ground that it was time-barred.[6]

### III

We hold that ordinarily equitable tolling is not properly resolved at the pleading stage. We conclude that Cervantes' complaint adequately alleges facts supporting equitable tolling under California law, and reverse and remand for proceedings consistent with this opinion.

REVERSED AND REMANDED.

FARRIS, Circuit Judge, concurring:

I concur. My brothers and I differ in the rationale.

In *Arnold v. United States*, 816 F.2d 1306, 1312 (9th Cir.1987), we recited the three-pronged test for equitable tolling, but did not inquire as to the satisfaction of any or all of the prongs because the doctrine of "equitable tolling does not apply when a plaintiff has pursued a remedy as to only one of several distinct wrongs." Thus, contrary to Judge

---

4. We note the contrast between the plaintiff's course of action in *Arnold*, and Cervantes' actions here. The plaintiff in *Arnold* first pursued her federal statutory and constitutional claims, and then asked the federal court to hold that pursuit of those prior claims equitably tolled the limitations period for state-law tort claims. Here, Cervantes pursued the opposite and, under our federal system, far more logical course of seeking redress under state law before pursuing his federal remedy. Moreover, in *Arnold*, the plaintiff failed the three-part equitable tolling test because her federal "discrimination" claim was so obviously distinct from her state-law "personal injury" claims. There is no such obvious distinction between Cervantes' state and federal claims, both of which involve his unlawful termination.

5. Because loss of employment is the main injury alleged in Cervantes' complaint, a showing that

Cervantes was not framed but was in fact guilty of the offenses resulting in his termination is an obvious defense both here and in the administrative proceedings.

6. The defendants argue, in the alternative, that the collateral estoppel or res judicata effect of Cervantes' administrative and state court reinstatement proceedings require dismissal of his complaint. The district court declined to address this contention because it was not well-briefed. Although defendants briefed the issue on appeal, they have pointed to nothing *on the face of the complaint* that would lead us to conclude that Cervantes' claim is precluded as a matter of law. We decline to uphold the district court's dismissal on the alternative ground of res judicata.

Reinhardt's analysis, the question of whether two claims seek to remedy distinct wrongs *is a threshold question*. If the wrongs are distinct, the three-pronged test is not even implicated. If the wrongs are not distinct, and the plaintiff merely pursues one of several potential legal remedies, tolling applies. We can then reach the issue of whether California's three-part test is satisfied.

In *Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir.1987), we vacated and remanded for a determination of whether the statute of limitations for the plaintiff's § 1983 claim was tolled by her prior state court action. Our remand was to permit the district court to evaluate Donoghue's several state and federal claims to ascertain whether the wrongs were distinct.

I would hold that the district court erred in dismissing the complaint at this stage of the proceedings because nothing on the face of the complaint is inconsistent with a showing by the plaintiff that the statute should be tolled, i.e., a showing that the wrongs were not distinct and that the three-part test was satisfied. I would remand to permit such a showing.

Perhaps the district court will not be confused by the majority rationale. I offer a substitute to clarify, not to confuse. We all conclude, as we must, that California law controls. I agree that we must reverse and remand.