108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willard JENKINS, Sr., Plaintiff-Appellant,
v.
NATIONAL UNIVERSITY; Jerry C. Lee; Dixie Sue Cooper;
Peter H. Wagschal; Meagan Slater, Defendants-Appellees,
and
J. Abraham; R. Campbell; J. Desjardin; David Costello;
M.C. Cook; John H. King; P.J. Robinson, Defendants.
 No. 96-16285.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willard Jenkins, Sr. appeals pro se the district court's summary judgment in Jenkins's Title VI action, 42 U.S.C. § 2000d, alleging racial, national origin, and gender discrimination. Because the district court concluded that Jenkins's action was time-barred, the court dismissed the action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711 (9th Cir.1993) (per curiam), and we affirm.
 
 
 3
 Jenkins contends that the district court erred by dismissing his Title VI action as time-barred, because the action was purportedly tolled by California's equitable tolling doctrine. This contention lacks merit.
 
 
 4
 In California, the statute of limitations for Title VI[1] claims is one year. Id. at 712. The limitations period, however, is subject to California's equitable tolling doctrine, provided that the plaintiff demonstrates that the doctrine applies. Cf. Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1444-45 (9th Cir.1994) (addressing whether California's tolling doctrine applied to plaintiff's 42 U.S.C. § 1981 claim).
 
 
 5
 Here, Jenkins's Title VI claim accrued on February 4, 1992, the date defendants allegedly discriminated against Jenkins by notifying him that he could no longer attend National University. See Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir.1996); see also Fobbs, 29 F.3d at 1444 (stating that federal law controls when a federal claim accrues). Jenkins, however, did not file his Title VI action until May 1, 1995, more than three years after his action had accrued. See Kimes, 84 F.3d at 1128. Because Jenkins failed to present a triable issue of material fact to demonstrate that his Title VI action was equitably tolled during the pendency of his administrative proceedings with the Office for Civil Rights ("OCR"), Jenkins's Title VI action was untimely.[2] See Fobbs, 29 F.3d at 1444-46; Taylor, 993 F.2d at 712; cf. Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir.1993) (reversing a district court's Rule 12(b)(6) dismissal to afford plaintiff an opportunity to present evidence to demonstrate that the limitations period was equitably tolled).
 
 
 6
 Moreover, even if we assume that Jenkins's action was tolled during the pendency of the OCR proceedings, the record indicates that the tolling period expired on February 17, 1993, the day the OCR denied Jenkins's administrative appeal. Because Jenkins did not file his federal action until May 1, 1995, his Title VI action was untimely. See Taylor, 993 F.2d at 712. Accordingly, the district court correctly concluded that Jenkins's Title VI action was time-barred. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 We unanimously find this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Jenkins's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d, provides that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."
 
 
 [2]
 California's equitable tolling doctrine "suspends the statute of limitations pending exhaustion of administrative remedies, even though no statute makes exhaustion a condition of the right to sue." Fobbs, 29 F.3d at 1445 (citation and internal quotation marks omitted)