**TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, et al. Plaintiffs,**

v.

**FARMINGTON CASUALTY CO. and Nordby Construction Co., Defendants.**

No. CIV. 98–786–HU.

United States District Court, D. Oregon.

Oct. 21, 1998.

Stephen H. Buckley, Carney, Buckley, Kasameyer & Hays, Portland, OR, for Plaintiffs.

J. Kent Pearson, Jr., Patricia Ann Haim, Amburgey & Rubin, Portland, OR, for Defendants.

## OPINION AND ORDER

HUBEL, United States Magistrate Judge.

This matter is before the court on defendants' motion to dismiss (# 6). For the following reasons, defendants' motion is denied.

## BACKGROUND

This action involves the collection of fringe benefits for union plumbers who worked on a construction project. Defendant Nordby Construction Co. ("Nordby"), was the general contractor for the construction of a hotel in Springfield, Oregon. As part of the project, Nordby subcontracted the plumbing work to Brent Dumas, dba Dumas Plumbing & General Contracting ("Dumas"). Dumas had a collective bargaining agreement ("CBA") with the Plumbers, Pipefitters and Marine Fitters Local 290 ("union") that required Dumas to pay fringe benefits on behalf of the union employees to the plaintiff trust funds. All of the plaintiffs are "employee welfare benefit plans" or "employee pension benefit plans" subject to the Employee Retirement Income Security Act ("ERISA").

Dumas failed to pay the fringe benefits to the plaintiff trust funds as required by the CBA. Ultimately, plaintiffs were unable to obtain payment from Dumas for the fringe benefits which accrued during the project.[1] Accordingly, on January 30, 1998, plaintiffs filed a construction lien against the improvement and real property involved in the project pursuant to O.R.S. 87.010(1)[2] and O.R.S.

---

1. Plaintiffs obtained a default judgment against Dumas in April, 1998. However, that judgment was not satisfied as of the filing of the motion to dismiss.

2. O.R.S. 87.010(1) states:
   (1) Any person performing labor upon, transporting or furnishing any material to be used in, or renting equipment used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished or equipment rented at the instance of the owner of the improvement or the construction agent of the owner.

87.010(4) [3] for the fringe benefits owed by Dumas. On February 12, 1998, Nordby discharged the lien by posting a bond issued by defendant Farmington Casualty Company ("Farmington") pursuant to O.R.S. 87.076.[4] The bond effectively transferred the construction lien to the bond.

Plaintiffs filed the current action in Lane County Circuit Court pursuant to O.R.S. 87.010 to recover the delinquent fringe benefits. Defendants removed on the basis that the claims are preempted by ERISA, specifically 29 U.S.C. § 1144(a).

Defendants bring this motion to dismiss the suit pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that plaintiffs' claims are preempted by ERISA. Plaintiffs, however, argue that their claims are not preempted and therefore, this action should not be dismissed.

## STANDARD

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir.1993) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)); *Tanner v. Heise,* 879 F.2d 572, 576 (9th Cir.1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner,* 879 F.2d at 576.

## DISCUSSION

Congress enacted ERISA "'to promote the interests of employees and their beneficiaries in employee benefit plans' and to 'eliminate the threat of conflicting or inconsistent State and local regulation of employee benefit plans.'" *Operating Engineers Health and Welfare Trust Fund, et al. v. JWJ Contracting Co., et al.,* 135 F.3d 671, 676 (9th Cir.1998) (citing *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)). Therefore, Congress included section 514(a) which provides that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a).

In a number of cases, the Supreme Court emphasized the breadth of ERISA preemption. *See District of Columbia v. Greater Washington Board of Trade,* 506 U.S. 125, 127, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992) ("ERISA's preemption provision assures that federal regulation ·of covered plans will be exclusive."); *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138–39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) ("to underscore its intent that § 514(a) be expansively applied, Congress used equally broad language in defining the 'State law' that would be preempted"); *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) ("express pre-emption provisions of ERISA are deliberately expansive"). However, recently, the Supreme Court has limited the scope of ERISA preemption when it intersects with areas traditionally left to state regulation. *See De Buono v. NYSA–ILA Med. and Clinical Serv. Fund,* 520 U.S. 806, 117 S.Ct. 1747, 1751, 138 L.Ed.2d 21 (1997) ("In our earlier ERISA pre-emption cases, it had not been necessary to rely on the expansive character of ERISA's literal language in order to find pre-emption because the state laws at issue in those cases had a clear 'connection with or reference to,' ERISA benefit plans. But in *Travelers* we confronted directly the question whether ERISA's 'relates to' language was intended to modify 'the starting presumption that

---

**3.** O.R.S. 87.010(4) states:

Trustees of an employee benefit plan shall have a lien upon the improvement for the amount of contributions, due to labor performed on that improvement, required to be paid by agreement or otherwise into a fund of the employee benefit plan.

**4.** O.R.S. 87.076(1) states in pertinent part:

The owner of an improvement or land against which a lien . . . is claimed, or any other interested person, may file . . . a bond executed by a corporation authorized to issue surety bonds in the State of Oregon to the effect that the owner of the improvement or land against which the lien is claimed shall pay the amount of the claim . . . against the improvement or land on account of the lien.

Congress does not intend to supplant state law.' We unequivocally concluded that it did not . . . .") (internal citations omitted).

Consistent with the premise of limiting the scope of ERISA preemption, the Court now requires this court to "go beyond the unhelpful text and frustrating difficulty of defining its key term ['relate to'] and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *New York Conference of Blue Cross & Blue Shield Plans, et al., v. Travelers Ins. Co.,* et al., 514 U.S. 645, 656, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995).

The Court also requires this court to examine the "actual operation of the state statute," *De Buono,* 117 S.Ct. at 1752, because "[p]re-emption does not occur . . . if the state law has only a 'tenuous, remote or peripheral' connection with covered plans . . . ." *JWJ Contracting,* 135 F.3d at 677 (citing *District of Columbia,* 506 U.S. at 130 n. 1, 113 S.Ct. 580). However, "[w]here a State's law acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation . . . [the] reference will result in pre-emption." *California Div. of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc.,* 519 U.S. 316, 117 S.Ct. 832, 838, 136 L.Ed.2d 791 (1997).

Finally, the Supreme Court substituted an analysis of "whether the state law 'has a connection with or reference to' employee benefit plans" for the "relates to" analysis. *JWJ Contracting,* 135 F.3d at 677 (citing *District of Columbia,* 506 U.S. at 129, 113 S.Ct. 580).

In order to determine if a state law is impermissibly connected to an ERISA benefit plan, the Ninth Circuit articulated four factors to be examined:

(1) whether the state law regulates the types of benefits of ERISA employee welfare benefit plans;

(2) whether the state law requires the establishment of a separate employee benefit plan to comply with the law;

(3) whether the state law imposes reporting, disclosure, funding, or vesting requirements for ERISA plans; and

(4) whether the state law regulates certain ERISA relationships, including the relationships between an ERISA plan and employer and, to the extent an employee benefit plan is involved, between the employer and employee.

*JWJ Contracting,* 135 F.3d at 678 (citing *Aloha Airlines, Inc. v. Ahue,* 12 F.3d 1498, 1504 (9th Cir.1993)).

Defendants argue that plaintiffs' claims are preempted by ERISA because O.R.S. 87.010 "refers to" an employee benefit plan. Defendants further argue that O.R.S. 87.010 "acts immediately and exclusively upon ERISA plans" in that it creates a right in trustees of an employee benefit plan to place a construction lien on real property.

However, the Ninth Circuit stated in *JWJ Contracting* "[n]othing in ERISA suggests that it was intended to preempt either the area of state statutory payment bonds or their guarantee by third party sureties." *Id.* at 678. Instead, the Ninth Circuit stated "[i]n short, [Arizona's Little Miller Act] regulates an area that Congress has traditionally left to the states: enforcing rights and obligations arising by contract, pursuant to state law, for protections of the public." *Id.*

O.R.S. 87.010, like the Act in *JWJ Contracting,* does not meet the criteria set out in *Aloha Airlines.* The statute does not regulate the type of benefits of ERISA plans, it does not require anyone to establish a separate employee benefit plan in order to comply with the law, nor does it impose reporting, disclosure, funding or vesting requirements. Although it could be argued that the law regulates certain relationships, like the relationship in *JWJ Contracting,* it merely regulates the relationship between trustees of employee benefit plans and the owner of property or their construction agent pursuant to a contractual relationship existing between a subcontractor and a union. Any possible intrusion of O.R.S. 87.010 into ERISA territory is too "'tenuous, remote, or peripheral' to arouse pre-emption." *JWJ Contracting,* 135 F.3d at 678–79.

Furthermore, O.R.S. 87.010 does not "reference" ERISA benefit plans such that preemption is warranted. In *Dillingham,* the Supreme Court reviewed a California statute that required contractors, performing work on public works projects, to pay all workers the prevailing journeyman wage rate unless the worker was in an approved apprenticeship program. A subcontractor challenged the statute and argued that it was preempted by ERISA because it had reference to and interfered with the operation of an ERISA apprenticeship program. The Supreme Court did not agree. The Court noted that most, but not all apprenticeship programs in California were ERISA plans, but that the statute was applicable to both ERISA and non-ERISA apprenticeship plans. *Dillingham,* 117 S.Ct. at 839 n. 5. Therefore, the Court concluded, the statute did not make reference to ERISA benefits plans and it was not subject to preemption under the "reference to" prong of the preemption analysis. *Dillingham,* 117 S.Ct. at 839.

The Oregon construction lien statute, like that in *Dillingham,* applies to any and all employee benefit plans, ERISA and non-ERISA alike. O.R.S. 87.010(1) makes no reference at all to ERISA benefit plans and O.R.S. 87.010(4) is indifferent to the nature of the employee benefit plans as ERISA or non-ERISA. Accordingly, this statute is ERISA neutral and not subject to preemption under the "reference to" prong of the preemption analysis.

Defendants cite a number of pre-*Travelers* opinions in support of their motion. As the Ninth Circuit stated in *JWJ Contracting,* however, "if the breadth of federal pre-emption described in [these cases] were still good law, [defendants] would probably prevail. However, these cases rely on expansive language from the Supreme Court demonstrating an understanding of ERISA pre-emption that has since been tailored to better fit Congress' policy intentions." *JWJ Contracting,* 135 F.3d at 679. Therefore, these cases are unpersuasive.

## CONCLUSION

Because O.R.S. 87.010 neither provides "additional rights to employee benefit plans" nor "conflicts with federal regulation of employee benefit plans or the employees who partake of these plans," *JWJ Contracting,* 135 F.3d at 679, this court holds that it is not preempted by ERISA and defendants' motion to dismiss is DENIED.

Because this court has held that this matter is not preempted by ERISA, IT IS ORDERED that the parties shall show cause in writing within 14 days why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.