Jack **EINHEBER,** Plaintiff—Appellant,

v.

**THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.,** Defendants—Appellees.

No. 03–15526.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 14, 2004.

Jack Einheber, Berkeley, CA, pro se.

Brendan Glackin, Esq., Boies Schiller & Flexner, Oakland, CA, Michael Bruno, Gordon and Rees, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM *

This case arises from Officer Jack Einheber's 1991 termination from the University of California at Berkeley Police Department for two incidents of off-duty misconduct.

■ The district court erred by dismissing on statute of limitations grounds Einheber's Rehabilitation Act claim for his 1991 termination, without considering the potential applicability of equitable tolling. Under *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir.1993), plaintiffs need not literally raise "equitable tolling" in the complaint for the doctrine to apply. Rather, "the sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Id.* at 1277 (emphasis in original). Einheber's allegations in his pro se complaint that he had exhausted all administrative remedies, and that his termination had been re-viewed by a hearing officer and the UC Berkeley Chancellor, are sufficient to plead the potential applicability of equitable tolling. The 1991 Rehabilitation Act claim is remanded to the district court to conduct a thorough equitable tolling analysis.

■ The district court properly granted summary judgment on Einheber's First Amendment retaliation claim because the Regents established a defense under *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), that the Regents would have taken the "same action," i.e. terminating Einheber, even in the absence of Einheber's protected speech criticizing her. The Regents showed that they would have taken the same action by the Chief of Police's sworn declaration that she fired Einheber solely on the basis of the seriousness of his misconduct and evidence that the Chief's senior staff unanimously recommended termination.

■ The district court also properly granted summary judgment in favor of the Regents on Einheber's Rehabilitation Act/ADA claim for failure to reinstate employment in 1996, on the basis of no adverse employment action. The Regents could not be faulted for failing to rehire when the arbitrator never required the Regents to reinstate Einheber, and Einheber did not reapply. Einheber's argument that the futile gesture doctrine in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 365–66, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), is waived because it was never presented before the district court.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Einheber's request for judicial notice is denied.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART. Each party to bear its own costs on appeal.