**James Thomas HART, Plaintiff— Appellant,**

v.

**Lawrence L. BRAUN, Public Defender's Office for the County of Napa; et al., Defendants—Appellees.**

No. 04–16685.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2005.*

Decided Aug. 22, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Paul J. Smoot, Esq., Anderlini, Finkel-stein & Emerick, San Mateo, CA, for Plaintiff–Appellant.

Frank G. Prantil, Attorney at Law, Sacramento, CA, Gary M. Lepper, Esq., Lepper & Harrington, Walnut Creek, CA, for Defendants–Appellees.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

### ORDER

Appellant's Petition for Rehearing is GRANTED without further oral argument. The Memorandum Disposition filed on April 7, 2005 is withdrawn, and a new Memorandum Disposition will be filed contemporaneously with this order. No further petitions for rehearing will be entertained.

### MEMORANDUM **

James Thomas Hart appeals the district court's judgment dismissing his legal malpractice action against his former public defender, Lawrence L. Braun. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a claim on statute of limitations grounds, *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir.2002), and we vacate and remand.

Braun represented Hart in a criminal trial that resulted in Hart's conviction for child molestation. Hart served six years in prison before the Ninth Circuit reversed his conviction upon granting his habeas petition based on ineffective assistance of counsel. *See Hart v. Gomez*, 174 F.3d 1067 (9th Cir.1999). Although Hart did not file his malpractice action against his former attorney within the relevant the statute of limitations, Cal.Code of Civ. Pro. § 340.6(a), we remand for the district court to consider whether Hart is eligible for equitable tolling under the three-part test set forth in *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) because his complaint alleged facts suggesting that equitable tolling may be appropriate, *id.* at 1277, and because "the danger of prejudice to the defendant is absent, and the interests of justice so require." *Azer*, 306 F.3d at 936.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.