**Jack LEO, Plaintiff—Appellant,**

v.

**Tom L. CAREY; et al., Defendants— Appellees.**

**No. 04–16693.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Jack Leo, Lancaster, CA, pro se.

Sara Turner, Esq., Maya Manian, Esq., Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: GOODWIN, TASHIMA, and FISHER, Circuit Judges.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Jack Leo, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials violated his Eighth Amendment rights by failing to protect him from assault by other inmates. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see DeGrassi v. City of Glendora*, 207 F.3d 636, 644 (9th Cir.2000), and we affirm.

Leo's action is subject to a one-year statute of limitations. *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004). Leo's claims are time-barred because he filed his complaint more than one year after he became aware of the termination of his administrative process, and he failed to show any other circumstances that would toll the statute of limitations. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir.1993) (describing the circumstances under which equitable tolling applies).

We decline to consider the new arguments and evidence Leo presented for the first time in his reply brief. *See United States v. Wright*, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000) (declining to consider arguments raised for the first time in a reply brief); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990) (explaining that the appellate court reviews only issues and documents included in the district court record).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.