Gary Wade WILLIAMS, Plaintiff—
Appellant,

v.

Donald HOLVENSKI; et al.,
Defendants—Appellees.

No. 04–35811.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Gary Wade Williams, Clallam Bay, WA, pro se.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Gary Wade Williams, an Alabama state prisoner incarcerated in Washington state, appeals pro se from the district court's sua sponte order dismissing his civil rights action pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir.1999) (dismissals based on statute of limitations); *Osborne v. Dist. Atty's Office for the Third Judicial Dist.*, 423 F.3d 1050, 1053 (9th Cir.2005) (dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct.

2364, 129 L.Ed.2d 383 (1994)), and we vacate and remand.

Because the district court dismissed the complaint sua sponte, pursuant to the PLRA's screening provision, Williams had no opportunity to argue that R.C.W. § 4.16.190 violates equal protection, or that the statute of limitations should have been equitably tolled. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir.1993) (dismissal on statute of limitations grounds disfavored where matters outside the complaint may not be considered and where equitable tolling may apply). We remand for the district court to determine in the first instance whether equitable tolling applies under the circumstances presented in this case.

We also remand so that the district court may reconsider in light of intervening caselaw its conclusion that Williams's claims that defendants interfered with parole proceedings, and failed to expunge allegedly false information from his prison file, necessarily imply the invalidity of his confinement, and therefore must be brought in a habeas petition. *See Wilkinson v. Dotson*, —— U.S. ——, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *see also Osborne*, 423 F.3d at 1055–56 (concluding section 1983 action seeking release of state evidence for DNA testing could proceed under *Dotson*).

**VACATED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.