SANTA TERESA CITIZEN ACTION GROUP, Philip Mitchell, Jeffrey S. Wade, Timothy Alton, Great Oaks Water Company, Inc., Plaintiffs–Appellants,

v.

CITY OF SAN JOSE, a municipal corporation of the State of California; et al., Defendants–Appellees.

No. 04–16485.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Filed June 23, 2006.

Stephan C. Volker, Esq., Gretchen Elizabeth Dent, Joshua Alexander Harris, Law Offices of Stephan C. Volker, Oakland, CA, for Plaintiffs–Appellants.

Brian C. Hopper, Office of the City Attorney, San Jose, CA, for Defendants–Appellees.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,* Senior Judge.

MEMORANDUM **

Santa Teresa Citizen Action Group and others (collectively, Santa Teresa) appeal the district court's dismissal of their § 1983 action against the City of San Jose, the City Council of San Jose, and Ron Gonzalez, the mayor of San Jose. We affirm.

First, we deny Santa Teresa's request to take judicial notice of an October 2002 document.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Second, we agree with the district court that all of Santa Teresa's claims are time-barred. The claims are not saved by the November 14, 2004 letter that Santa Teresa represented constitutes the tolling agreement and asked the district court to take judicial notice of. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (noting that court is not obliged to take conclusory allegations in complaint as true when contradicted by documents of which judicial notice is properly taken). The operative language of the November 14, 2004 agreement plainly *extends* the statute of limitations to January 5, 2004; it does not *toll* it. As the district court correctly determined that Santa Teresa's claims accrued when San Jose and Calpine Corporation entered into the Cooperation Agreement on June 26, 2001, not when certain contingencies in that Agreement were ultimately satisfied, this action was untimely filed.

Finally, equitable tolling does not apply. Assuming no bad faith, the same parties were not part of Santa Teresa's litigation against the California Energy Resources Conservation and Development Commission or in evidentiary privity with the defendants in that action, and the claims focused on different issues. *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993) (setting forth California's three-part test); *Collier v. City of Pasadena,* 142 Cal.App.3d 917, 924, 928, 191 Cal.Rptr. 681 (Cal.App.1983).

Given this disposition, it is unnecessary to reach the alternative grounds for affirmance advanced by San Jose.

AFFIRMED.