**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN A. CHERRY, | No. 11-35795 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00271-LMB |
| v. | |
| DEWAYNE SHEDD; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Larry M. Boyle, Magistrate Judge, Presiding[**]

Submitted October 15, 2013[***]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Idaho state prisoner Stephen A. Cherry appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Cherry consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Cherry's request for a telephone hearing is denied.

under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011). We affirm in part, vacate in part, and remand.

The district court properly dismissed Cherry's Fourth, Eighth, and Fourteenth Amendment claims against all defendants because the allegations in his complaint failed to state a claim for relief under those constitutional provisions. *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."); *Farmer v. Brennan*, 511 U.S. 825, 833-34, 837 (1994) (setting forth elements of Eighth Amendment claim); *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (setting forth elements of equal protection claim); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims").

The district court properly dismissed Cherry's access-to-courts claim against defendants Southwick, Reinke, and Lorello because Cherry failed to allege facts demonstrating their personal participation in the alleged violations. *See Starr v.*

*Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011) (a plaintiff must plead that each defendant violated the Constitution through his own individual actions).

The district court properly dismissed Cherry's access-to-courts claim against defendant Shedd because it was barred by the applicable statute of limitations, and it was evident from Cherry's complaint and supplemental complaint that neither delayed discovery nor a continuing violations theory applied to extend the limitations period. *See* Idaho Code Ann. § 5-219(4); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (state personal injury statute of limitations applies to § 1983 actions; a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action, and the continuing impact from past violations does not cause a claim to accrue anew).

The district court erred, however, in dismissing at this early stage in the proceedings Cherry's access-to-courts claim against defendant Kirkman as barred by the statute of limitations as it was not evident from the face of Cherry's complaint and supplemental complaint that the delayed discovery rule would not apply to extend the limitations period. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where the complaint, liberally construed in light of our "notice pleading" system, adequately alleges facts showing the potential applicability of

tolling).

The district court also prematurely dismissed Cherry's access-to-courts claims against defendants Higgins and Blades in light of this court's intervening decision in *Silva* because the allegations in the complaint, liberally construed, were "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *see Silva*, 658 F.3d at 1102-04 (explaining that prisoners have the right to litigate, without active interference, claims that have a reasonable basis in law or fact, and concluding that allegations that defendants hindered an inmate's ability to litigate his pending civil action resulting in dismissal of the action were sufficient to state a claim).

We therefore vacate the dismissal of Cherry's access-to-courts claims against defendants Blades, Higgins, and Kirkman, and remand for further proceedings on these claims consistent with this disposition. We affirm the district court's dismissal of Cherry's Fourth, Eighth, and Fourteenth Amendment claims and the dismissal of the access-to-courts claim against defendants Southwick, Reinke, Lorello, and Shedd.

**AFFIRMED in part; VACATED in part; and REMANDED.**