**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVE C. EDGECOMB,

         Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

         Defendant-Appellee.

No.   16-35990

D.C. No. 2:15-cv-01660-MAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted June 11, 2018
Seattle, Washington

Before:  D.W. NELSON and WATFORD, Circuit Judges, and PREGERSON,[**]
District Judge.

**1.** The ALJ provided specific, clear, and convincing reasons for finding that

Steve Edgecomb's testimony was not fully credible.  *See Smolen v. Chater*, 80

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

F.3d 1273, 1281 (9th Cir. 1996). The ALJ properly relied on a physical capacity evaluation that identified inconsistencies between Edgecomb's reported limitations and his demonstrated capabilities. That report observed that Edgecomb's limp was more pronounced when he knew he was being evaluated, and it noted that Edgecomb exhibited moderate to low effort during the physical evaluation, which precluded the authors of the report from determining the full extent of Edgecomb's capabilities. This substantial evidence supports the ALJ's credibility determination.

2. The ALJ properly evaluated the medical evidence. First, the ALJ gave germane reasons for affording little weight to the opinion of nurse practitioner Nancy Armstrong. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ concluded that Armstrong's opinion was based on Edgecomb's self-reporting, which the ALJ determined was not fully credible. Substantial evidence supports that conclusion. The ALJ also gave germane reasons for discounting the opinions offered by occupational therapist Terry Mertens and physical therapist Lisa Lang. As noted above, Mertens and Lang acknowledged the limits of their own evaluation, explaining that they were unable to assess the "full extent" of Edgecomb's limitations because Edgecomb did not consistently exert himself during physical tests.

Nor did the ALJ err in evaluating the medical reports prepared by Dr. Andrew Manista and Dr. Ryan Halpin. Both doctors observed that Edgecomb suffered from degenerative disc disease, and the ALJ accepted that diagnosis. The ALJ did not improperly reject the doctors' reports in assessing Edgecomb's functional limitations because neither doctor offered an opinion as to Edgecomb's functional limitations. *See Turner v. Commissioner of Social Security*, 613 F.3d 1217, 1223 (9th Cir. 2010).

**3.** Because the ALJ properly evaluated Edgecomb's credibility and weighed the medical evidence, the ALJ did not err in assessing Edgecomb's residual functional capacity. *See Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1197 (9th Cir. 2004).

**4.** The ALJ did not erroneously fail to adjudicate Edgecomb's eligibility for Title II benefits. Social Security Ruling 11-1p provides that applicants generally are not "allowed to have two claims for the same type of benefits pending at the same time." SSR 11-1p, 2011 WL 3962767 (S.S.A. July 28, 2011). This ruling is binding on ALJs. *Bray v. Commissioner of Social Security Administration*, 554 F.3d 1219, 1224 (9th Cir. 2009). Edgecomb already had a Title II application pending before the Appeals Council when he filed his Title XVI application in

June 2012, so the ALJ considering the Title XVI application properly declined to consider whether Edgecomb was also eligible for Title II benefits.

**5.** The Appeals Council, however, improperly rejected new evidence, a letter written by Dr. Daniel Krashin. The Appeals Council stated that the letter "is about a later time," but did not explain its conclusion beyond noting that the letter was dated February 2, 2015, and that the relevant period ended September 20, 2013. We must conduct our own review of the letter to determine if it relates to the relevant time period. *See Taylor v. Commissioner of Social Security Administration*, 659 F.3d 1228, 1232 (9th Cir. 2011).

Dr. Krashin's letter is dated February 2, 2015, but it discusses Edgecomb's medical history going back to 2006, and the doctor opines that "these injuries and medical issues [have resulted in] severe impairment in his social and occupational function." Dr. Krashin states further that Edgecomb "has been on opioid therapy for chronic pain for over a decade and in my medical opinion is likely to require ongoing treatment and to be unable to resume gainful employment." Both of these statements, as well as the medical history in the letter, encompass the period before September 2013.

Here, as in *Taylor*, the doctor's opinion should have been considered. Under the regulations in force at the time of the Appeals Council's decision, "[i]f new and

material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b) (2015). The evidence submitted was new and material, but the Appeals Council failed to consider it on the mistaken belief that it did not relate to the period before the date of the ALJ's decision. "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor*, 659 F.3d at 1233.

The decision of the District Court is **VACATED** and the matter is **REMANDED** for further proceedings.