**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KATHLEEN RAVE,

        Plaintiff-Appellant,

    v.

L'OREAL USA, INC.,

        Defendant-Appellee.

No.   19-16065

D.C. No. 3:17-cv-06574-EDL

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted February 4, 2021[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

    Kathleen Rave appeals the district court's dismissal of her breach of contract

claim as time-barred.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court correctly concluded that Rave was not entitled to equitable tolling of the statute of limitations for her breach of contract claim. Under California law, "[a] plaintiff's pursuit of a remedy in another forum" can entitle her to tolling of the statute of limitations. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).[1] On appeal, Rave argues that the statute of limitations should be tolled until she receives an adverse determination on her entitlement to the insurance premium subsidy through an administrative review process. However, because Rave does not allege that she ever filed a claim for administrative review

---

[1] The district court declined to determine whether California or New York law applies to this suit in diversity jurisdiction, concluding that Rave's claim was untimely under either state's statute of limitations. When a federal court applies a state statute of limitations it also applies that state's rules of tolling and estoppel. *See Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 485–86 (1980). Here, we examine the California law that the parties exclusively invoke in their briefs. However, we note that no material difference would result were we to apply New York law. *See, e.g.*, *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (N.Y. App. Div. 2005) (noting equitable estoppel applies "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" (quotation omitted)); *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 462 (S.D.N.Y. 2014) ("Equitable tolling applies where a defendant's fraudulent conduct results in a plaintiff's lack of knowledge of a cause of action.").

of the denial of this benefit, she cannot invoke this doctrine. To do so would be, as the district court put it, to allow a plaintiff to "indefinitely toll the statute of limitations by never filing a claim for benefits." Rave cites no case law that supports the establishment of such a rule.

## II

The district court correctly concluded that Rave could not invoke the doctrine of equitable estoppel to prevent L'Oreal from raising a statute of limitations defense. "A defendant will be estopped to invoke the statute of limitations where there has been some conduct by the defendant, relied upon by the plaintiff, which induces the belated filing of the action." *Holdgrafer v. Unocal Corp.*, 73 Cal. Rptr. 3d 216, 231–32 (Cal. Ct. App. 2008) (quotation omitted).

First, Rave argues that L'Oreal's concealment of whether she was entitled to the benefit induced her belated filing. This argument may have been applicable between 2006 and 2009, when L'Oreal had not clearly conveyed to Rave whether she was entitled to the subsidy. But once L'Oreal informed Rave in 2009 that the subsidy had been terminated and she would not be receiving the benefit, Rave knew unequivocally that she was not entitled to the subsidy. Rave could not invoke equitable estoppel on this ground after 2009. Therefore, receipt of this notice in 2009 shows that both the four-year statute of limitations under California

law and the six-year statute of limitations under New York law would have run by the time Rave brought suit in 2017.

Second, Rave argues that L'Oreal's concealment of the fact that no underlying plan documents existed with regard to the subsidy induced her belated filing, since she did not know whether the subsidy was governed by the Employee Retirement Income Security Act ("ERISA") or common law. Yet that "concealment," did not, in fact, prevent Rave from filing suit in 2017. At that time, not knowing whether the subsidy was an ERISA benefit, she filed her first complaint bringing only ERISA claims. Rave cannot claim that this alleged concealment prevented her from filing within the limitations period when she filed suit armed with the same information eleven years after the alleged breach.

**AFFIRMED.**

4