**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY GOODS,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>DAVID BAUGHMAN, Warden; et al.,<br><br>           Defendants-Appellees. | No. 20-15365<br><br>D.C. No. 2:18-cv-00732-JAM-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

California state prisoner Gregory Goods appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force

and deliberate indifference to his serious medical needs. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Gregg v. Haw. Dep't of Pub. Safety*,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

870 F.3d 883, 886 (9th Cir. 2017) (dismissal as time-barred); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Goods's action because Goods failed to file his action within the two-year statute of limitations or establish any basis for tolling. *See Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007) (federal courts in § 1983 actions apply the state statute of limitations and borrow applicable tolling provisions from state law); *see also* Cal. Civ. Proc. Code §§ 335.1, 352.1, 352(a) (setting forth two-year statute of limitations for personal injury claims, a two-year maximum statutory tolling due to imprisonment, and the availability of tolling for mental incapacity); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-1277 (9th Cir. 1993) (stating California's three-pronged test for equitable tolling and explaining that dismissal may be appropriate when it is evident from the face of the complaint that equitable tolling is unavailable as a matter of law).

**AFFIRMED.**