NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEMETRIA DeLARGE,

               Plaintiff-Appellant,

   v.

WALMART INC.,

               Defendant-Appellee.

No. 20-15064

D.C. No. 3:19-cv-05019-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

    Demetria DeLarge appeals pro se from the district court's judgment dismissing her diversity action alleging claims under California's Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2017) (dismissal under Federal Rule of Civil Procedure 12(c)); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal as time-barred and equitable tolling analysis where relevant facts are undisputed). We affirm.

The district court properly dismissed DeLarge's action as time-barred because DeLarge failed to file her action within one year of the date of the right-to-sue notice issued by the California Department of Fair Employment and Housing, and DeLarge failed to allege facts sufficient to demonstrate that equitable tolling applies. *See* Cal. Gov't. Code § 12965(c) (setting forth one-year statute of limitations for FEHA claims); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011) (explaining that in diversity actions, this court applies the substantive law of the forum state, including the state's statute of limitations and tolling rules); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-77 (9th Cir. 1993) (stating California's three-pronged test for equitable tolling and explaining that dismissal may be appropriate when it is evident from the face of the complaint that equitable tolling is unavailable as a matter of law).

DeLarge's motions for appointment of counsel (Docket Entry Nos. 34 and 36) are denied.

All other pending motions and requests are denied.

**AFFIRMED.**

20-15064