FILED

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSAN MAE POLK,

    Plaintiff - Appellant,

 v.

JAMES CAVIN, Deputy; et al.,

    Defendants - Appellees.

No. 10-15889

D.C. No. 3:08-cv-01483-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted August 11, 2011[**]

Before:  THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

 Susan Mae Polk, a California state prisoner, appeals pro se from the district

court's judgment in her 42 U.S.C. § 1983 action alleging that defendants used

excessive force and violated her right to access the courts. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108,

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1117 (9th Cir. 2003) (failure to exhaust administrative remedies); *Ervin v. Los Angeles County*, 848 F.2d 1018, 1019 (9th Cir. 1988) (statute of limitations and equitable tolling). We vacate in part, reverse in part, and remand.

The district court dismissed Polk's claims against the state defendants because Polk did not exhaust administrative remedies at the final level of review until after she had filed her federal action. However, Polk's grievance was granted at the first level of review. In light of our recent decision, *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), Polk "ha[d] no obligation to appeal from a grant of relief . . . in order to exhaust [her] administrative remedies . . . . Nor is it [her] responsibility to ensure that prison officials actually provide the relief they have promised." *Id.* at 685. Accordingly, we vacate and remand for further proceedings on Polk's claims against the state defendants.

The district court dismissed Polk's claims against the county defendants as time-barred, concluding that despite Polk's allegations, defendants were not equitably estopped from raising a statute of limitations defense. However, "when a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (alteration, citation, and

10-15889

internal quotation marks omitted). Polk sufficiently alleged that defendants threatened and intimated her. *See id.* at 1276 ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation."); *Ateeq v. Najor*, 19 Cal. Rptr. 2d 320, 323-24 (Ct. App. 1993) (defendant equitably estopped from asserting statute of limitations as defense where defendant's repeated threats caused plaintiff to delay filing suit); *see also Socop-Gonzalez v. INS*, 272 F.3d 1176, 1195 (9th Cir. 2001) (en banc) (when a statute of limitations is tolled, the days during a tolled period are not counted against the limitations period). Accordingly, we reverse and remand for further proceedings on Polk's claims against the county defendants.

Polk's remaining contentions are unpersuasive.

Defendants shall bear the costs on appeal.

**VACATED in part, REVERSED in part, and REMANDED.**