**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SUSAN MAE POLK, | No. 13-16570 |
| Plaintiff-Appellant, | D.C. No. 3:08-cv-01483-MMC |
| v. | |
| JAMES CAVIN, Deputy; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted November 29, 2016**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

California state prisoner plaintiff Susan Mae Polk ("Polk"), proceeding pro se,

appeals the dismissal of her claims under 42 U.S.C. § 1983 for excessive force and

supervisory liability against officers of the Contra Costa County Sheriff's Department

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CCSD") ("County Defendants"), and for denial of access to the courts against officials at the California Women's Facility in Chowchilla, California ("CCWF") ("State Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A prior panel reversed dismissal and remanded for further proceedings. *Polk v. Cavin*, 447 F. App'x 840 (9th Cir. 2011). The district court reopened this case and dismissed without prejudice under Rule 12(b)(6) Polk's claim against the State Defendants, finding it premature because her suit against the County Defendants was still live. As to the County Defendants, the district court granted summary judgment on the basis that Polk filed suit after the statute of limitations had expired and was not eligible for equitable tolling or estoppel and, in the alternative, dismissed without prejudice because Polk failed to fully exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

The district court properly concluded that Polk failed to state a claim for denial of access to the courts against the State Defendants because she failed to show actual injury and her claims against the County Defendants were still live. *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 349-55 (1996). Nor does the dismissal, affirmed herein, of her claims against the County Defendants now perfect this denial of access claim, as she is foreclosed from pursuing the claims against the County Defendants for reasons unrelated to the alleged actions of the State

2

Defendants. *See Phillips v. Hust*, 477 F.3d 1070, 1077 (9th Cir. 2007) (requiring that a defendant must have "proximately caused" plaintiff's loss of the opportunity to litigate his or her claim), *vacated on other grounds,* 555 U.S. 1150 (2009).

Nor was it an abuse of discretion to find Polk's claims against the County Defendants ineligible for equitable estoppel and accordingly dismiss them as time-barred by the statute of limitations on summary judgment. *Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985) (federal courts adopt the forum state's statute of limitations for personal injury actions in Section 1983 cases); Cal Civ. Proc. Code § 335.1 (establishing a two-year statute of limitations). Polk failed to demonstrate a genuine issue of material fact as to her allegations that threats, intimidation, or deprivation of access to legal resources reasonably prevented her from timely filing her claims for excessive force and supervisory liability. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)) (uncorroborated allegations and self-serving testimony are insufficient to create a genuine issue of material fact); *Ateeq v. Najor*, 15 Cal. App. 4th 1351, 1357 (1993) (describing the principle of equitable estoppel regarding statutes of limitations under California law). Within the limitations period, Polk made numerous administrative filings, including grievances and motions detailing her version of the excessive force incident and requests for information about the County Defendants.

3

She, moreover, was released on bail for seven months during the limitations period and filed other civil actions during this time. We find Polk's numerous other contentions unpersuasive or inappropriate for review.[1]

**AFFIRMED.**

---

[1] We deny Polk's remaining motions as moot.