NO. CAAP-16-0000780

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NATHAN PACO, Plaintiff-Appellant, v.
MARY K. MYERS, dba MARY K. MYERS, Ph.D.,
dba MARY MYERS, Ph.D., INC., aka
MARY MYERS, TRUST, Defendant-Appellee,
and DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0842)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant Nathan Paco (**Paco**) appeals pro se

from the Judgment entered by the Circuit Court of the First

Circuit (**Circuit Court**) on October 4, 2016 (**Judgment**). Paco also

challenges the Circuit Court's August 23, 2016 Order Granting

Defendant Mary K. Myers, dba Mary K. Myers, Ph.D. dba Mary Myers,

Ph.D., Inc., aka Mary K. Myers Trust's Motion to Dismiss

Plaintiff's Complaint filed April 29, 2016, filed July 6, 2016 with Prejudice (**Dismissal Order**).[1]

Paco raises three points of error on appeal, contending that: (1) in an earlier civil suit (Civil No. 14-1-0576-03-KTN) (**Prior Suit**), a circuit court erred when it dismissed Paco's complaint therein; (2) in this case, the Circuit Court erred when it refused to relieve Paco of the judgment in the Prior Suit; and (3) the Circuit Court erred when it dismissed this case based on the statute of limitations, rather than applying the doctrine of equitable tolling.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Paco's points of error as follows:

(1) Both parties request that we take judicial notice of the Prior Suit. It appears that judgment was entered against Paco in the Prior Suit on April 26, 2016, and that no relief from judgment was sought therein and no appeal was taken. Instead, Paco filed another suit raising the same allegations.

Paco seeks a ruling that the court in the Prior Suit erred in dismissing that suit. However, appeals must be taken "in the manner and within the time provided by the rules of court." Hawaii Revised Statutes (**HRS**) § 641-1(c) (2016). To

---

[1] The Honorable Edwin C. Nacino presided.

2

appeal a civil matter, a notice of appeal "shall be filed <u>within</u> <u>30 days after entry of the judgment</u> or appealable order." Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) (emphasis added).

Paco filed a Notice of Appeal in the instant case on November 1, 2016. Even if Paco had identified the April 26, 2016 judgment in the Prior Suit in the Notice of Appeal, which he did not, such an appeal is now untimely under HRAP Rule 4(a)(1). Therefore, we lack appellate jurisdiction to consider the merits of Paco's first point of error.

(2) Paco similarly argues that the Circuit Court erred in denying him relief from the judgment in the Prior Suit. However, HRS § 602-57(1) (2016) gives the Hawaiʻi Intermediate Court of Appeals jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law." HRS § 641-1(a) (2016) authorizes appeals from "final judgments, orders, or decrees." Paco cites no authority granting a circuit court jurisdiction to hear an appeal or otherwise review a final judgment entered by another circuit court and, with respect to the circumstances here, we find none. Thus, we conclude that Paco's second point of error is without merit.

(3) This case involves a medical malpractice claim subject to a two-year statute of limitations.[2] The Circuit Court

---

[2]     The Circuit Court's order references HRS § 657-7 (2016); however, it appears that HRS § 657-7.3 (2016) applies in this case.

3

concluded that "Plaintiff was required to file any claims concerning alleged harm arising out of the treatment by Defendant Myers no later than April 2015." Paco does not dispute that, absent "equitable tolling," the complaint filed in this case on April 29, 2016, is barred by the applicable statute of limitations.

Instead, Paco contends that the doctrine of equitable tolling of the statute of limitations applies to the facts of this case. Paco relies primarily on Cervantes v. City of San Diego, 5 F.3d 1273 (9th Cir. 1993). In Cervantes, based on its application of California precedent, the court tolled the statute of limitations for a plaintiff's complaint after he had pursued remedies in another forum.[3] Id. at 1274. There, the plaintiff pursued remedies in an administrative proceeding and appealed the adverse determination of the administrative authority to the state court. While pursuing administrative remedies, the plaintiff was unable to pursue a remedy in another forum, i.e., a federal court proceeding. Id. The instant case is

_____

[3] The court held that, under California law, "[a] plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." Cervantes, 5 F.3d at 1275. After being fired by the San Diego Fire Department, the plaintiff pursued administrative remedies from November 1988 until September 7, 1989. Id. at 1274. He sought review of the adverse determination by filing a petition for a writ of mandate with the Superior Court in May 1990. Id. The state court denied the writ on August 31, 1990, and the plaintiff filed the federal suit at issue on March 21, 1991. Id. Hawai'i courts have not adopted this three-part test.

4

distinguishable from Cervantes on various grounds, most importantly that Paco did not file this suit in a different forum; rather, Paco filed a new suit in the same forum rather than pursuing relief in the Prior Suit from the trial court, such as through an HRCP Rule 60(b) motion, or by way of appellate review of the judgment in the Prior Suit.

Hawaiʻi courts have recognized equitable tolling as "[t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." Narmore v. Kawafuchi, 112 Hawaiʻi 69, 75 n.15, 143 P.3d 1271, 1277 n.15 (2006) (quoting Black's Law Dictionary 579 (8th ed. 2004)), superseded by statute on other grounds, HRS §§ 232-16, 17 (Supp. 2014). In considering whether a claim against the State was tolled, the supreme court has held:

> In order to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate (1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way. Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations.

Office of Hawaiian Affairs v. State, 110 Hawaiʻi 338, 360, 133 P.3d 767, 789 (2006) (citations and internal quotation marks omitted).

Hawaiʻi courts have applied the doctrine of equitable tolling in other cases involving allegations of circumstances beyond the plaintiff's control. See, e.g., Roxas v. Marcos, 89

Hawai'i 91, 969 P.2d 1209 (1998) (where it was impossible under Philippines law to bring suit against Ferdinand Marcos so long as he was in power, limitations period was tolled); Wright v. State Farm Mut. Auto. Ins. Co., 86 Hawai'i 357, 362, 949 P.2d 197, 202 (App. 1997) ("[I]t is consistent with the purpose of the no-fault law to permit an insured to bring suit upon an unresolved claim after the two-year statute of limitations under HRS § 294-36(a)(2) has expired, provided the insured has made the claim for benefits before the running of the limitations period. To hold otherwise than we do would reward a delay in the disposition of an insured's claim, which effectively nullifies the insured's statutory right to arbitration of a disputed no-fault claim.").

Here, Paco does not allege that the timing of the filing of the complaint herein was beyond his control. It was not. Paco made a tactical decision to file a new lawsuit, raising identical allegations as he made in the Prior Suit, rather than to file an appeal from the dismissal order and judgment in the Prior Suit. He cites no authority applying the doctrine of equitable tolling under such circumstances and we find none. Rather, in similar circumstances, where an initial complaint was dismissed without prejudice and the plaintiff filed a second complaint after the statute of limitations had run, the Hawai'i Supreme Court held the second complaint was time-barred. Eto v. Muranaka, 99 Hawai'i 488, 502-03, 57 P.3d 413, 427-28

6

(2002).  Accordingly, we conclude that this point of error is without merit.

For these reasons, the Circuit Court's October 4, 2016 Judgment is affirmed.

DATED: Honolulu, Hawai'i, November 27, 2018.

On the briefs:

Nathan Paco,
Plaintiff-Appellant *Pro Se*.

Thomas Benedict,
(Goodsill Anderson Quinn
 & Stifel),
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

7