NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAKENZIE PAULY; FAIZA MARIE PAULY,

Plaintiffs-Appellants,

v.

STANFORD HEALTH CARE, FKA Stanford Hospital and Clinics,

Defendant-Appellee.

No. 19-16823

D.C. No. 3:18-cv-05387-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Makenzie Pauly and Faiza Marie Pauly appeal pro se from the district

court's interlocutory order dismissing certain claims alleging violations of the

Emergency Medical Treatment and Labor Act ("EMTALA") and state law.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1292(b). We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal under the applicable statute of limitations). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal without leave to amend of Faiza Marie Pauly's EMTALA claims was proper because plaintiff failed to bring these claims within the applicable two-year statute of limitations or establish any basis for equitable tolling, to the extent applicable. *See* 42 U.S.C. § 1395dd(d)(2)(C) (establishing two-year statute of limitations for EMTALA claims); *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (setting forth elements of equitable tolling under federal law).

Dismissal without leave to amend of Faiza Marie Pauly's negligent infliction of emotional distress, intentional infliction of emotional distress, and abuse of process claims was proper because plaintiff failed to bring these claims within the applicable statutes of limitations or establish any basis for equitable tolling. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims), § 340.5 (limitations period for professional negligence claim commences three years after date of injury or one year after plaintiff's discovery of injury, whichever occurs first); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-77 (9th Cir. 1993) (California's "definitive three-pronged test" for equitable tolling);

2                                                                 19-16823

*Estate of Yool*, 60 Cal. Rptr. 3d 526, 533 (Ct. App. 2007) (explaining general rule for accrual of a cause of action); *Cantu v. Resolution Tr. Corp.*, 6 Cal. Rptr. 2d 151, 168 (Ct. App. 1992) (statute of limitations for personal injury applies to abuse of process claim).

The district court properly dismissed without leave to amend Makenzie Pauly's negligent infliction of emotional distress claim as time-barred. *See* Cal. Civ. Proc. Code § 340.5; *Flores v. Presbyterian Intercommunity Hosp.*, 369 P.3d 229, 234 (Cal. 2016) (elements of professional negligence claim under § 340.5).

We reject as without merit plaintiffs' contentions regarding the applicability of Federal Rules of Civil Procedure 15 and 54(b).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' request for reassignment of the district judge, set forth in the opening brief, is denied without prejudice to raising it before the district court.

**AFFIRMED.**