**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONESHIA NEIL, Deceased, through successor in interest, Latisha Cyprian; LATISHA CYPRIAN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DAN PARK; et al., <br><br> Defendants-Appellees. | No. 19-16787 <br><br> D.C. No. 1:17-cv-00256-LJO-SKO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 13, 2021[**]
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and WHALEY,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Latisha Cyprian, as successor in interest for Doneshia Neal,[1] appeals the district court's grant of summary judgment. As Cyprian's 42 U.S.C. § 1983 claim fell outside the statute of limitations and she does not satisfy all the elements for equitable tolling, we affirm.

We have jurisdiction to review a district court's final judgment under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

It is undisputed that Cyprian filed her § 1983 civil rights action untimely under the two-year statute of limitations. *See* Cal. Civ. Proc. Code § 335.1; *Owens v. Okure*, 488 U.S. 235, 250 (1989). However, Cyprian argues that she is entitled to equitable tolling based on her prior timely filing of a state court action.

In California, equitable tolling applies when a plaintiff can show "three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 467 P.3d 1033, 1041 (Cal. 2020); *see also Wallace v. Kato*, 549 U.S. 384, 394 (2007). Cyprian cannot show that the defendants received

---

[1] The district court notes the correct spelling of Doneshia's last name.

2

timely notice of a potential action against them.

For a prior action to give notice, the defendants in both actions generally need to be the same. *Collier v. City of Pasadena*, 191 Cal. Rptr. 681, 685 (Ct. App. 1983). Here, the two actions do not share any defendants.[2] The prior action also raises claims under different causes of action and does not name Cyprian as a successor in interest.

A prior action's failure to name the same defendants of the subsequent action is not dispositive, however. Timely notice may still exist if "a defendant in the second claim was alerted to the need to gather and preserve evidence by the first claim even if not nominally a party to that initial proceeding." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 n.3 (9th Cir. 1993). A defendant is alerted, for example, if there is "evidentiary privity" between an agent and a principal that "would justify overlooking their nominal absence" from the prior action. *Id.* Cyprian contends that defendants' representation by the same law firm that represented Modesto City Schools ("Modesto") in the prior action constitutes evidentiary privity. However, the state court dismissed the prior action for failure to state a cause of action, and there is no indication that the law firm gathered

---

[2]    The body of the state court complaint does mention "Galace" and "Gillis" as individuals engaged in wrongdoing, which were likely references to defendants Galas and Chilles. Even setting aside this typographical error, however, that complaint did not list them as defendants who could be liable.

evidence or conducted an investigation into any alleged wrongdoing by defendants in the course of litigating the prior action.

The defendants' association with Modesto did not provide notice either. First, while an agent's knowledge is imputed to a principal, it is not a two-way street. *See* Restatement (Third) of Agency § 5.03 (2006); *see also Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 939–40 (9th Cir. 2017). Thus, notice provided to Modesto, the principal, is not imputed to its agents, the school officials, under agency law. Second, it is undisputed that the defendants were actually unaware of the prior action within the statute of limitations. "[A]bsent circumstances" where a defendant is clearly aware of the prior action, "equitable tolling should not apply" when the first action was not brought against the defendant. *See Apple Valley Unified Sch. Dist. v. Vavrinek, Trine, Day & Co.*, 120 Cal. Rptr. 2d 629, 645 (Ct. App. 2002), *as modified on denial of reh'g* (June 26, 2002). Because the prior action was dismissed on the pleadings and before the case proceeded to discovery, these are not circumstances where the defendants would have been aware of the prior action. *See Azer v. Connell*, 306 F.3d 930, 937 (9th Cir. 2002) (equitable tolling may apply during the pendency of a prior action, where there was "protracted activity" in the prior action that would have alerted the defendants of their potential liability). While the prior action demonstrates that Modesto knew of the prior action, Cyprian has not met her burden of showing how that knowledge

4

was imputed to the specific defendants here. *See Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980).

In summary, the prior action did not provide the defendants with actual or constructive notice of potential claims against them within the statute of limitations. As Cyprian cannot satisfy the first element of equitable tolling, we decline to consider whether she can prove the other two elements.

**AFFIRMED.**